UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENELL MONSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNKNOWN FLOOR OFFICERS,<br><br>    Defendants. | Case No. 1:17-cv-00395-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED AGAINST DEFENDANTS UNKNOWN OFFICER 1 AND UNKNOWN OFFICER 2 FOR FAILURE TO PROTECT IN VIOLATION OF THE FOURTEENTH AMENDMENT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE<br><br>(ECF NO. 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**I.    BACKGROUND**

Trenell Monson ("Plaintiff") is a pretrial detainee being held at Fresno County Jail. He is proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on March 20, 2017. (ECF No. 1). The Court screened the complaint, found that it failed to state a cognizable claim, and gave Plaintiff the option of standing on his complaint or filing an amended complaint. (ECF No. 6).

On May 17, 2017, Plaintiff filed his First Amended Complaint. (ECF No. 8). The Court screened the First Amended Complaint, found that it failed to state a cognizable claim, and gave Plaintiff the option of standing on his complaint or filing an amended complaint. (ECF No. 9).

On August 28, 2017, Plaintiff filed his Second Amended Complaint (ECF No. 10),

1

which is now before the Court for screening.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action… fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

**III.    SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff is a pretrial detainee who is currently being held at Fresno County Jail.

Plaintiff alleges that on November 21, 2016, at or around 1400 hours, he and his cellmate were returning to their assigned housing at A-Pod (segregated housing) from recreation time on the roof. As they exited the elevator they were escorted by defendant Unknown Officer 1, who was working the floor. Defendant Unknown Officer 1 gave a hand signal to Unknown Officer 2, who was working the control tower.

As they entered the sally port door, Plaintiff noticed that the door to B-pod (general population) was left open. About fifteen to twenty Mexican inmates from B-Pod ran out and attacked Plaintiff and his cell mate. During the attack defendant Unknown Officer 1 ordered everyone to get down, and started macing those who didn't comply (which was how the attack was stopped).

Plaintiff's cell mate needed immediate medical attention due to his obvious physical injury. Plaintiff was denied medical attention after being checked for physical marks. Plaintiff complained about his wrist hurting, but was not taken for medical attention. Instead, he was placed back in his cell.

Plaintiff suffered physical injury to his wrist, as well as mental and emotional distress.

Plaintiff alleges that defendants Unknown Officer 1 and Unknown Officer 2 knew the danger of leaving a door open to a general population module while escorting inmates from segregated housing. Plaintiff alleges that defendants Unknown Officer 1 and Unknown Officer 2 were aware that inmates are placed in segregated housing when they pose "a threat to or from other inmates or the jail facility. A-pod have a label of housing snitches, drop outs and gays etc…."

Plaintiff alleges that defendants Unknown Officers 1 and Unknown Officer 2 failed to check the doors as required. Plaintiff alleges that this was an intentional act by defendant Unknown Officer 2 because if any door is left open, there is a light in the tower that comes on to let officers know which door(s) are open.

Plaintiff does not know who left the door open.

Additionally, Plaintiff alleges that on January 12, 2017, he was housed in general population. On that date, he and about seven other African American inmates were attacked by

about twenty or more Hispanic inmates.

Plaintiff alleges that this attack happened after an unknown classification officer intentionally placed an African American inmate who was recently involved in an altercation into Plaintiff's pod. Plaintiff knows this because a classification sergeant told his girlfriend when she came to inquire about Plaintiff's health and safety.

Plaintiff alleges that the classification officer who placed those inmates in other pods knew of the danger it would cause due to jail politics and classification experience. The classification officer placed one of the males in B-pod who was African American with only eight other African Americans and at least twenty Hispanics. The classification officer(s) knew the numbers were imbalanced, and that this created more danger to Plaintiff's safety. Plaintiff alleges that classification could have placed this male in another pod where there were more African Americans to prevent the attack.

Plaintiff alleges that, as a result of the second attack, he lost his two front upper teeth.

**IV.  SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the

Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

**V. ANALYSIS OF PLAINTIFF'S FAILURE TO PROTECT CLAIM**

**A. Legal Standard**

Because Plaintiff is a pretrial detainee, the Fourteenth Amendment applies, rather than the Eighth Amendment. The Ninth Circuit recently provided guidance regarding the standards for a failure to protect claim under the Fourteenth Amendment for detainees who were not convicted of crimes at the time of the alleged incident(s):

> [T]he elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
>
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.
>
> With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the 'facts and circumstances of each particular case.' " *Kingsley*, 135 S.Ct. at 2473 (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)); *see also* Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 2016)

> (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it").

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (footnote omitted), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831 (2017).

### B. Analysis

Plaintiff has alleged failure to protect claims for two separate incidents.

As to the first incident, the Court finds that, construing Plaintiff's pleading liberally, Plaintiff has stated a cognizable failure to protect claim against both defendants Unknown Officer 1 and Unknown Officer 2. Plaintiff has alleged that it was their jobs to make sure that the door separating general population from the segregated housing unit was closed before escorting Plaintiff near the door, and that they knew the danger of leaving the door open because they knew the types of inmates that are housed in the segregated housing pod. Plaintiff has also alleged that defendant Unknown Officer 2 knew the door was open before Plaintiff was escorted near it, because he was working in the tower, and a light would be on showing that the door was open. Plaintiff has also alleged that before Plaintiff was escorted near the door, defendant Unknown Officer 1 made a gesture to defendant Unknown Officer 2. Plaintiff has also alleged that, because the door was open, he was attacked and injured.

Construing Plaintiff's pleading liberally, the Court finds that these allegations are enough to state a cognizable failure to protect claim against defendants Unknown Officer 1 and Unknown Officer 2.

As to the second incident, the Court finds that Plaintiff has failed to state a cognizable failure to protect claim. It is difficult for the Court to determine exactly what Plaintiff is alleging. Plaintiff seems to be alleging that he and the other African American inmates were attacked because a classification officer intentionally placed a new African American inmate (who was previously involved in an altercation) into Plaintiff's pod. However, the factual allegations do not provide enough of a causal connection between the placement of one additional African American inmate into Plaintiff's pod and Plaintiff being attacked by

7

Hispanic inmates to state a cognizable failure to protect claim.

The Court notes that while Plaintiff alleges in his Second Amended Complaint that he was denied medical attention, the Second Amended Complaint does not include a claim for denial of medical care, and does not appear to list as a defendant anyone allegedly responsible for denying Plaintiff medical care. Plaintiff also alleges very few facts regarding the alleged denial, despite the Court giving Plaintiff guidance on the legal standard (ECF No. 6, p. 7).[1] Accordingly, the Court will not analyze this as a separate claim.

## VI. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Second Amended Complaint states a cognizable failure to protect claim against defendants Unknown Officer 1 and Unknown officer 2. The Court also finds that the Second Amended Complaint fails to state any other cognizable claims. The Court will not recommend granting further leave to amend. This is Plaintiff's third complaint, and the Court has provided ample legal guidance.

Therefore, IT IS HEREBY RECOMMENDED that this case proceed against defendants Unknown Officer 1 and Unknown officer 2 on Plaintiff's claim for failure to protect in violation of the Fourteenth Amendment, and that all other claims and defendants be dismissed with prejudice.

///
///
///
///
///
///
///
///

---

[1] The Court notes that the Fourteenth Amendment applies to pretrial detainees' claims of constitutionally inadequate medical treatment. Bell v. Wolfish, 441 U.S. 520, 537 n. 16 (1979); Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 27, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE