UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENELL MONSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNKNOWN FLOOR OFFICERS,<br><br>　　　　Defendants. | Case No. 1:17-cv-00395-LJO-EPG (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM<br><br>(ECF NOS. 15 & 18)<br><br>THIRTY DAY DEADLINE |

Trenell Monson ("Plaintiff") is a pretrial detainee being held at Fresno County Jail. He is proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's Second Amended Complaint (ECF No. 10) against defendants Unknown Officer 1 and Unknown Officer 2 on Plaintiff's claim for failure to protect in violation of the Fourteenth Amendment. (ECF Nos. 11 & 12).

On April 2, 2018, the Court issued an order to show cause, directing Plaintiff to "show cause why the Court should not issue findings and recommendations, recommending that this case be dismissed, without prejudice, for failure to serve and failure to prosecute." (ECF No. 15, p. 2).

On May 25, 2018, Plaintiff filed a response to the order to show cause (ECF No. 19) and a motion for the issuance of a subpoena *duces tecum* (ECF No. 18).

In his request for the issuance of a subpoena, Plaintiff requests documents from the Fresno County Sherriff's Office that identify Unknown Officers 1 and 2, and that include their

1

mailing addresses. Plaintiff believes this information is stored in their personnel files.

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

As Plaintiff is now attempting to identify and find services addresses for Unknown Officers 1 and 2, the Court will discharge the order to show cause.

As to Plaintiff's motion for the issuance of a subpoena, Plaintiff is seeking copies of documents that will help him identify and locate Unknown Officers 1 and 2. This information is relevant, and the burden and expense of producing documents that contain this information should be minimal. Thus, the Court shall grant Plaintiff's request and will send him a subpoena *duces tecum* (form AO 88B) to complete and return.

The Court notes that because Unknown Officers 1 and 2 have not yet been identified, when completing the subpoena, Plaintiff should include as much identifying information as he can in the subpoena. This includes where and when the incident took place, as well as the heights, builds, and ethnicities of the Unknown Officers.

Additionally, Plaintiff requests that he be provided with documents containing the mailing addresses for Unknown Officers 1 and 2. The Court notes that mailing addresses are

sometimes P.O. Boxes, which are not addresses that can be used for service. Plaintiff may have intended to ask for all addresses, and not necessarily mailing addresses. Plaintiff should consider this when writing the subpoena requests.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The order to show cause issued on April 2, 2018, is DISCHARGED;
2. Plaintiff's motion for the issuance of a subpoena is GRANTED;
3. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285; and
4. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: **May 29, 2018**　　　　　　　　/s/ *Erin P. Gros[...]*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE