UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENELL MONSON,<br><br>        Plaintiff,<br><br>    v.<br><br>R. MELKONIAN and M. MARTINEZ,<br><br>        Defendants. | Case No. 1:17-cv-00395-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT M. MARTINEZ BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF NO. 26)<br><br>TWENTY-ONE DAY DEADLINE |

## I. RELEVANT PROCEDURAL HISTORY

Trenell Monson ("Plaintiff") is a pretrial detainee being held at Fresno County Jail. He is proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's Second Amended Complaint (ECF No. 10) against defendants R. Melkonian and M. Martinez on Plaintiff's claim for failure to protect in violation of the Fourteenth Amendment (ECF Nos. 12 & 24).

Plaintiff's complaint initially listed Unknown Floor Officers as defendants. (ECF No. 10). After Plaintiff failed to timely identify the Unknown Floor Officers, the Court issued an order for Plaintiff to show cause why the case should not be dismissed for failure to serve and failure to prosecute. (ECF No. 15). In response, Plaintiff requested the issuance of a third party subpoena so that he could identify and serve the Unknown Floor Officers. (ECF No. 18).

1

The Court discharged the order to show cause and granted Plaintiff's request for the issuance of a third party subpoena to the Fresno County Sheriff's Office. (ECF No. 20). The subpoena was served (ECF No. 23), and the Fresno County Sheriff's Office identified the two officers it believed fit Plaintiff's description and provided the Court with their service addresses (ECF No. 24). Accordingly, the Court ordered the United States Marshals Service ("the Marshal") to serve Defendants. (ECF No. 25).

On July 24, 2018, the summons for defendant Martinez was returned unexecuted. (ECF No. 26). According to the Marshal, Fresno County notified the Marshal that defendant Martinez has been deployed with the military. (Id.). A return date was not known, and no forwarding information was provided. (Id.). The agent serving process indicted that he or she was unable to locate defendant Martinez. (Id.).

Several months have passed since service was returned unexecuted, and Plaintiff has not provided another address for defendant Martinez or requested the issuance of a third party subpoena so that he can attempt to find defendant Martinez's current address.

Thus, the Court will recommend that defendant Martinez be dismissed from the action, without prejudice. However, if during the objection period Plaintiff provides another address for defendant Martinez, requests the issuance of a third party subpoena on an appropriate entity, or shows good cause for the failure to timely serve defendant Martinez, the Court will vacate these findings and recommendations.

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal

for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

### III. ANALYSIS

The return of service filed by the Marshal indicates that Fresno County notified the Marshal that defendant Martinez has been deployed with the military. (Id.). A return date was not known, and no forwarding information was provided. (Id.). The agent serving process indicted that he or she was unable to locate defendant Martinez. (Id.).

Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Martinez, and has failed to serve defendant Martinez within the time period required by Federal Rule of Civil Procedure 4(m). Plaintiff has not provided another address for defendant Martinez, or even requested the issuance of a third party subpoena so that he can attempt to find defendant Martinez's current address (which he appears to know how to do, because he has previously requested the issuance of a third party subpoena).

Accordingly, the Court will recommend that defendant Martinez be dismissed from the action, without prejudice. However, if during the objection period Plaintiff provides another address for defendant Martinez, requests the issuance of a third party subpoena on an appropriate entity, or shows good cause for the failure to timely serve defendant Martinez, the Court will vacate these findings and recommendations.

///

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that defendant Martinez be dismissed from this action because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Martinez within the time period prescribed by Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 5, 2018**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

4