UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENELL MONSON,<br><br>    Plaintiff,<br><br>v.<br><br>R. MELKONIAN and M. MARTINEZ,<br><br>    Defendants. | Case No. 1:17-cv-00395-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF<br><br>(ECF NO. 32) |

Trenell Monson ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 15, 2018, Plaintiff filed a motion for appointment of pro bono counsel, for Court assisted discovery, and for the Court to reschedule the due date of the scheduling conference statements ("the Motion"). (ECF No. 32). On October 17, 2018, defendant Melkonian objected to Plaintiff's request for Court assisted discovery. (ECF No. 33).

All three of Plaintiff's requests in the Motion will be denied. As to Plaintiff's request for Court assisted discovery, discovery has not yet been open. At the initial scheduling conference

---

[1] Plaintiff has alleged that he was a pretrial detainee at the time of the incidents described in the complaint.

1

the Court will open discovery and discuss the discovery tools available to Plaintiff.  Currently, the parties are ordered to provide initial disclosures as set forth in the Court's order of October 4, 2018 (ECF No. 30).  Both parties will also file scheduling conference statements as discussed in that order.

As to Plaintiff's request for the Court to change the due date for the parties to file scheduling conference statements, Plaintiff appears to argue that he needs additional time to file his scheduling conference statement because he is awaiting transfer[2] and once he is transferred he will no longer have access to his legal property.  While the Court recognizes that Plaintiff has many challenges, the Court has allowed ample time to do initial disclosures and file a conference statement before the January 23, 2019 conference date.  At the conference Plaintiff will have the opportunity to explain the situation regarding his legal property, and the Court may give Plaintiff an opportunity to supplement his scheduling conference statement.  Plaintiff shall make his best efforts to comply with the Court's orders and the parties can discuss how to go forward at the conference on January 29, 2019 at 1:30 pm.

Finally, as to Plaintiff's request for appointment of counsel, Plaintiff asks for appointment of counsel because he is incarcerated.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of

---

[2] The Court notes that it is Plaintiff's responsibility to file a notice of change of address after he has been transferred.

2

the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, while he has not done so perfectly, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that the Motion is denied.

IT IS SO ORDERED.

Dated: __**October 18, 2018**__      /s/ *Eric P. Groj*
UNITED STATES MAGISTRATE JUDGE