UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENELL MONSON,<br><br>        Plaintiff,<br><br>    v.<br><br>R. MELKONIAN,<br><br>        Defendant. | Case No. 1:17-cv-00395-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |

    Trenell Monson ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 23, 2019, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Leslie Dillahunty personally appeared on behalf of Defendant.

    During the Conference, the Court and the parties discussed relevant documents in this case and their possible locations. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

    Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this action,[2] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[3] IT IS ORDERED[4]

---

[1] Plaintiff has alleged that he was a pretrial detainee at the time of the incidents described in the complaint.

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There

1

that:

1. Defendant has thirty days from the date of service of this order to produce to Plaintiff a copy of the Incident Detail Report for the November 21, 2016 incident.
2. If any party subpoenas and receives documents related to this case, that party must promptly provide those documents to the opposing party.
3. Parties do not need to produce documents they have already provided, documents provided to them by the opposing party, or documents that the opposing party already has.
4. Parties may object to producing any of the above-listed documents. Objections shall be made in writing and served on all other parties, as well as filed with the Court. If any objection is made on the basis of privilege, the objecting party shall include a privilege log (*see* the scheduling order for detailed discovery procedures). If any objection is made based on the official information privilege, in addition to providing a privilege log, the objecting party must inform all other parties in writing and submit the allegedly privileged documents to the Court for *in camera* review.

---

is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[3] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid.*

[4] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

5. An objection or privilege assertion can be challenged via a motion to compel.

IT IS SO ORDERED.

Dated: **January 24, 2019**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE