UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENELL MONSON,<br><br>    Plaintiff,<br><br>v.<br><br>R. MELKONIAN,<br><br>    Defendant. | Case No. 1:17-cv-00395-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM<br><br>(ECF NO. 48)<br><br>THIRTY-DAY DEADLINE |

Trenell Monson ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's claim against defendant Melkonian for failure to protect in violation of the Fourteenth Amendment, which is based on an incident that occurred on November 21, 2016.

On June 6, 2019, Plaintiff filed a motion for the issuance of a subpoena *duces tecum*. (ECF No. 48). Plaintiff requests the following documents from the Fresno County Sheriff's Office:

    1) Video footage on 11-21-16 of the incident that occurred on Main jail fourth floor.
    2) All pictures taking of inmates on 11-21-16 incident including Plaintiff, and Dean Walker thats mentioned in incident report.
    3) Grievance #2016110207

---

[1] Plaintiff has alleged that he was a pretrial detainee at the time of the incidents described in the complaint.

1

>       4) All incident reports from 11-21-16 incident
>       5) Any and all grievance and complaints that been filed on defendant Ronald Melkonian during his employment at Fresno County Jail.

(Id. at 1) (spelling, grammatical, and punctuation errors in original).

On June 7, 2019, Defendant filed an objection to Plaintiff's request. (ECF No. 49).

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

As to Defendant's objections, Defendant is not the Fresno County Sheriff's Office, so it is not clear how he has standing to object. Certainly, Plaintiff may choose to serve these requests on Defendant who may then assert objections on behalf of Defendant, and Plaintiff may move to compel if Defendant's answers are insufficient. But notably Defendant does not state that a third-party subpoena is unnecessary because Defendant will respond on the Fresno County Sheriff's Office's behalf. Nor does Defendant state that these documents are within his possession, custody, or control. Thus, it appears a third-party subpoena may be necessary.

As Defendant appears to be raising objections on behalf of non-party Fresno County Sheriff's Office, but does not represent the Fresno County Sheriff's Office in this action or state

that it will respond on its behalf, the Court will overrule Defendant's objections (without prejudice to the Fresno County Sheriff's Office raising these objections in response to the subpoena).[2]

As to Plaintiff's requests, it appears that many of the documents Plaintiff is seeking fall within the scope of discovery. Therefore, the Court will grant Plaintiff's motion and send him a subpoena *duces tecum* (form AO 88B) to complete and return.

Additionally, the Court will address some of the points raised in Defendant's objections in order to provide some guidance on what the Court views as properly within the scope of the subpoena.

Plaintiff's requests should be as specific as possible, and should be limited to only documents that are relevant to this case. In tailoring his requests, Plaintiff should keep in mind that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Additionally, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, evidence of crimes, wrongs, or other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Thus, all grievances against Defendant are likely not within the scope of discovery. However, it is possible that grievances addressing similar instances of conduct may be relevant, to the extent they are relevant to Defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Defendant also indicated that the requests were objectionable because they included persons other than Plaintiff and Defendant and thus violated a "right of privacy." The Court

---

[2] Defendant also objects on the ground that Plaintiff failed to serve Defendant with his initial disclosures. This is not a valid objection to discovery requests. Defendant may move to compel Plaintiff to provide initial disclosures, or seek sanctions or evidence preclusion for his failure to do so. But Defendant may not withhold discovery on the basis that Plaintiff has not complied with an order or other obligation on Plaintiff.

notes that "privacy" is not a valid objection or reason to withhold an otherwise relevant document. If there is a videotape of the incident in question, the fact that other persons are involved is not a valid legal reason to withhold the videotape. Similarly, Defendant is incorrect in stating that "[Plaintiff] is not entitled to grievances submitted by another inmate at the jail," purely on the basis of "privacy." To the extent that the Fresno County Sheriff's Office believes that there are specific safety and security reasons to withhold a document, it may object on such a basis with an explanation of the specific safety or security concern, redact irrelevant private information, and/or seek a protective order. But it is improper to withhold an otherwise discoverable document merely because it reveals or was authored by another inmate.

The Court notes that nothing in this order prevents the Fresno County Sheriff's Office from objecting to these requests, including on relevance grounds.

Plaintiff may file a motion to compel after he receives responses from the Fresno County Sheriff's Office if he wishes to challenge the responses, or if the Fresno County Sheriff's Office fails to respond.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of a subpoena *duces tecum* is GRANTED.
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285.
3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: **June 26, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE