# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENELL MONSON,<br><br>    Plaintiff,<br><br>    v.<br><br>R. MELKONIAN,<br><br>    Defendant. | Case No. 1:17-cv-00395-EPG (PC)<br><br>ORDER DISCHARGING ORDER FOR PLAINTIFF, WARDEN OF USP LOMPOC, AND LITIGATION COORDINATOR AT USP LOMPOC TO SHOW CAUSE WHY THEY SHOULD NOT BE SANCTIONED<br><br>ORDER RESETTING STATUS AND DISCOVERY CONFERENCE<br><br>ORDER DIRECTING CLERK TO SERVE A COPY OF THIS ORDER ON THE WARDEN AT USP LOMPOC<br><br>(ECF NO. 55) |

Trenell Monson ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. He is currently confined at the United States Penitentiary in Lompoc, California.

On July 31, 2019, the Court attempted to hold a discovery and status conference. As Plaintiff did not appear, the Court ordered Plaintiff to "show cause why sanctions should not issue for his failure to attend the conference." (ECF No. 55, p. 2). The Court also ordered the Warden and Litigation Coordinator of USP Lompoc to "show cause why sanctions should not issue for their failure to comply with the Court's order directing Plaintiff's institution of confinement to make Plaintiff available for the conference." (Id. at 3).

---

[1] Plaintiff has alleged that he was a pretrial detainee at the time of the incidents described in the complaint.

1

On August 20, 2019, the Warden filed his response to the order to show cause. (ECF No. 58). The Litigation Coordinator did not file a response because USP Lompoc does not employ a "Litigation Coordinator."[2] (ECF No. 58, p. 2). On August 21, 2019, Plaintiff filed his response to the order to show cause. (ECF No. 60).

For the reasons described below, the Court will discharge the order to show cause. Additionally, the Court will reset the discovery and status conference, which will now be held on October 9, 2019, at 3:00 p.m.

## I. ORDER TO SHOW CAUSE

On January 25, 2019, the Court entered a scheduling order in this case. (ECF No. 47). As part of the scheduling order, the Court set a telephonic discovery and status conference for July 31, 2019, at 1:30 p.m. (Id.) The order stated:

> A discovery and status conference is set for **July 31, 2019, at 1:30 p.m**. Parties have leave to appear by phone. To join the conference, each party is directed to call the toll-free number **(888) 251-2909** and use **Access Code 1024453**.
>
> . . .
>
> Plaintiff shall make arrangements with staff at his or her institution of confinement for his or her attendance at the discovery and status conference. Plaintiff's institution of confinement shall make Plaintiff available for the conference at the date and time indicated above.

(Id. at 4). The scheduling order was served by mail on Plaintiff and the Litigation Coordinator at Plaintiff's institution of confinement.

On July 1, 2019, the Court issued a confirming minute order, reiterating that a telephonic discovery and status conference was set for July 31, 2019, at 1:30 p.m. (ECF No. 51). This confirming minute order was served by mail to Plaintiff, the Warden of USP Lompoc, and the Litigation Coordinator at USP Lompoc.

The Court attempted to hold the conference on the date and time ordered. The

---

[2] As USP Lompoc does not employ a Litigation Coordinator, the order to show cause directed at the Litigation Coordinator at USP Lompoc will be discharged.

undersigned Judge and her court staff were present. Defense Counsel Leslie M. Dillahunty appeared telephonically on behalf of Defendant, R. Melkonian. However, Plaintiff failed to appear. After waiting approximately ten minutes, the Court ended the conference due to Plaintiff's failure to appear.

Accordingly, the Court ordered Plaintiff to show cause why he should not be sanctioned for failing to appear at the conference. The Court also ordered the Warden of USP Lompoc and the Litigation Coordinator at USP Lompoc to show cause why they should not be sanctioned for failing to comply with the Court's orders directing Plaintiff's institution of confinement to make Plaintiff available for the conference.

## II. PLAINTIFF'S RESPONSE

Plaintiff states that he is incarcerated, and that he does not have access to the telephones to make "these type" of calls. However, he took all necessary steps to be present at the conference. He talked to his unit counselor in mid-July to remind her of his court date, and was told that he would be placed on a call-out list. However, he was never placed on call-out to be released from work to attend the call.

## III. THE WARDEN'S RESPONSE

The Warden states that USP Lompoc houses approximately 1,200 inmates. "Each inmate at USP Lompoc has a Unit Team, consisting of a Unit Manager, a Case Manager, and a Correctional Counselor. A Unit Team is responsible for the security, safety, and sanitation of the Unit. There are two Unit Teams at USP Lompoc – a West End Team and an East End Team. The West End Team consists of one Unit Manager, three Case Managers, three Correctional Officers, and one Unit Secretary. The caseload for the West End Unit Team consists of two Housing Units and approximately 600 inmates. Monson's Unit Team are members of the West End Unit Team." (Id.) (citations omitted).

Staff were advised of the conference. However, "[f]rom July 28, 2019, to August 3, 2019, the Unit Team was greatly understaffed. Specifically, on July 31, 2019, due to training and scheduled annual leave, only one Unit Manager, one Case Manager, one Correctional Counselor, and one Unit Secretary were working at the institution. Furthermore, there were

several mandatory institutional meetings that the Unit Manager, Case Manager, and Unit Secretary attended on July 31, 2019. Therefore, Smith was the sole unit team member available for most of the day from the West End Unit Team. On July 31, 2019, Smith simply forgot that Monson had a court ordered telephone conference and he regrets that Monson missed the conference." (Id. at 3) (citations omitted).

"The Bureau of Prisons ("BOP") generally, and FCC Lompoc in particular, goes to great lengths to ensure that inmates can appear for their court appearances, even when BOP or its employees are not involved in the underlying case." (Id.).

The Warden argues that sanctions are not appropriate because no statutory or Federal Rule of Civil Procedure provides a basis for sanctions, because "the United States has not waived its sovereign immunity with respect to contempt sanctions," and because "neither the Warden, nor anyone else at FCC Lompoc, acted in bad faith." (Id. at 4).

## IV. ANALYSIS

Upon review of the submissions, the Court will discharge the order to show cause. As to Plaintiff, it appears that Plaintiff attempted to gain access to a telephone for the conference, but was unable to. Thus, the order to show cause directed at Plaintiff will be discharged.

As to the Warden, the Court appreciates the Warden's thorough response. That response demonstrates that the Warden is attempting to comply with the Court's orders, but that this call was missed inadvertently and not due to any bad faith. The Warden has confirmed that "[t]he Bureau of Prisons ("BOP") generally, and FCC Lompoc in particular, goes to great lengths to ensure that inmates can appear for their court appearances."

Accordingly, the order to show cause directed at the Warden will also be discharged. However, the Court expects that in the future inmates will be made available for court appearances.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. The order to show cause entered on August 1, 2019 (ECF No. 55), is DISCHARGED.

2. The discovery and status conference will be held on October 9, 2019, at 3:00 p.m. To appear telephonically, each party is to use the following dial-in number and passcode: Dial-in number 1-888-251-2909; Passcode 1024453. Plaintiff shall make arrangements with staff at USP Lompoc for his attendance at the discovery and status conference. The Warden at USP Lompoc shall make Plaintiff available for the conference at the date and time indicated above.
3. The Clerk of Court is directed to serve a copy of this order on the Warden of USP Lompoc.

IT IS SO ORDERED.

Dated: **September 20, 2019**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE