# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENELL MONSON,<br><br>        Plaintiff,<br><br>   v.<br><br>R. MELKONIAN,<br><br>        Defendant. | Case No. 1:17-cv-00395-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR INSTRUCTION<br><br>(ECF NO. 68) |

Trenell Monson ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. He is currently confined at the United States Penitentiary in Lompoc, California.

On October 21, 2019, Plaintiff filed a motion for clarification and/or instruction. (ECF No. 68).

As an initial matter, the Court cannot provide Plaintiff with legal advice. The Court may provide the following legal standards. If Plaintiff wants to amend his complaint to add a defendant, he should file a motion for leave to amend, along with a copy of the proposed amended complaint that is complete in itself. The motion to amend should explain the changes

---

[1] Plaintiff has alleged that he was a pretrial detainee at the time of the incidents described in the complaint.

1

Plaintiff is attempting to make to the complaint, as well as why Plaintiff should be allowed to make those changes at this stage in the proceeding.[2]

To the extent Plaintiff is requesting that the Court preclude defendant Melkonian from using the "defense" that he is not responsible for the injuries to Plaintiff, Plaintiff's request is DENIED. It is Plaintiff's burden to show that defendant Melkonian is responsible for the alleged constitutional deprivation.

As to the dismissal of defendant M. Martinez, M. Martinez was dismissed without prejudice for failure to serve. (ECF No. 39). If Plaintiff has obtained accurate and sufficient information to effect service of the summons and complaint on M. Martinez, or if Plaintiff obtains accurate and sufficient information, Plaintiff may move to bring M. Martinez back into the case and to have him served by the United States Marshals Service.

Finally, Plaintiff states that the non-expert discovery cutoff needs to be modified. However, Plaintiff does not explain why. Accordingly, this request is DENIED, without prejudice to Plaintiff filing a motion that includes an explanation of why the Court should re-open non-expert discovery.

IT IS SO ORDERED.

Dated: __**October 23, 2019**__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that, contrary to Plaintiff's assertion, the Court did not tell Plaintiff he could not sue the County of Fresno. Instead, the Court found that "Plaintiff's allegations do not provide sufficient detail to state a viable claim for a failure to protect in violation of the U.S. Constitution." (ECF No. 6, p. 6).

2