# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

TRENELL MONSON,

        Plaintiff,

   v.

R. MELKONIAN,

        Defendant.

Case No. 1:17-cv-00395-EPG (PC)

ORDER RE: DOCUMENTS WITHHELD ON THE BASIS OF THE OFFICIAL INFORMATION PRIVILEGE

       Trenell Monson ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This case now proceeds on Plaintiff's Second Amended Complaint (ECF No. 10) against defendant R. Melkonian on Plaintiff's claim for failure to protect in violation of the Fourteenth Amendment (ECF Nos. 12, 24, & 39). Plaintiff's claim stems from the allegation that Defendant Melkonian knew the danger of leaving a door open to a general population module while escorting inmates from segregated housing, but failed to check the doors as required. This led to general population inmates assaulting Plaintiff and another inmate.

       Before the Court are documents submitted for *in camera* review by third party Fresno County Sheriff's Office ("the County"), in response to a third party subpoena by Plaintiff. The County objected to production of internal confidential video and memoranda on the basis of the official information privilege, among other objections. The County also objected to the production of photographs of inmate Walker. Pursuant to the Court's order, the County

1

submitted the withheld documents and video footage for *in camera* review. The County also filed a memorandum supporting the official information privilege and the Declaration of Lieutenant Michael Porter, employed by Fresno County Sheriff-Coroner's Office, Jail Administration Programs Bureau. (ECF No. 73).

The Court has reviewed the submitted information and applicable law and overrules the County's objection in part.

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure. . . ." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (internal citations omitted).

The Court holds overrules the County's official information privilege as to the following documents, with the noted limitations. While the Court appreciates certain security risks inherent in disclosing this information, it believes that the relevance of the information is high. The Court has also incorporated all proposed redactions and otherwise limited disclosure to minimize the potential disadvantages to safety and security.

- Video footage of the incident, labelled video 1, from start until 1:23:35. The faces of all inmates other than Plaintiff may be redacted/blurred. The security tower and

entrance may be redacted, as proposed by counsel for the County. The County may work with Plaintiff's institution of confinement to prevent Plaintiff from maintaining a copy of the video, so long as he may see it soon after production, as needed in preparation for summary judgment and trial, and may submit it to the Court as needed for summary judgment and trial.

- Video footage of the general population pod, labelled video 2, from start until 1:25:43. The faces of all inmates may be redacted/blurred. The County may work with Plaintiff's institution of confinement to prevent Plaintiff from maintaining a copy of the video, so long as he may see it soon after production, as needed in preparation for summary judgment and trial, and may submit it to the Court as needed for summary judgment and trial.
- Report 1, with all proposed redactions as submitted by counsel for the County.
- Report 2, pages 1 and 2 only, with all proposed redactions as submitted by counsel for the County.
- Report 3, with all proposed redactions as submitted by counsel for the County.
- Summary, pages 1 and 30 only, with all proposed redactions as submitted by counsel for the County.

The remainder of the documents submitted may be withheld under the official information privilege because the concerns regarding safety and security of the Jail outweigh the relevance of the material.

For the foregoing reasons, it is ordered that the materials identified above be provided to Plaintiff in the manner described no later than thirty days from the date of service of this order.

IT IS SO ORDERED.

Dated: **November 19, 2019**   /s/ *Erin P. Grosj*
UNITED STATES MAGISTRATE JUDGE

4